# Commonwealth, ex rel., Appellant, v. Samuel.

*Public officers—Assessors of cities of the third class—Elections—Constitutional amendment of 1909, P. L. 954.*

1. The term of office of an assessor in a city of the third class, chosen at the February election in 1910, ends on the first Monday of December, 1911, under the schedule for the amendments to the Constitution adopted in 1909, so as to create a vacancy to be filled at the municipal election in November, 1911.

2. The word "assessors" in the constitutional amendment of 1909, P. L. 954, is not confined to election assessors, but includes city or property assessors.

Argued October 15, 1912. Appeal, No. 103, Oct. T., 1912, by plaintiff, from judgment of C. P. Lawrence Co., March T., 1912, M. D., No. 17, for defendant on agreed facts in case of Commonwealth ex rel. Harvey L. Palmer v. David Samuel. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Quo warranto to try title to office.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for defendant.

*C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,* for appellant, cited: Com. v. Sharetts, 231 Pa. 525; Com. v. Smith, 10 Just. Law Repr. 135; French v. Teschemaker, 24 Cal. 518; Richie v. Philadelphia, 225 Pa. 511; Lloyd v. Smith, 176 Pa. 213; Com. v. McAfee, 232 Pa. 36; Com. v. Sheatz, 228 Pa. 301; Com. v. O'Neil, 233 Pa. 218; Meisel v. O'Neil, 233 Pa. 213.

*Robert K. Aiken,* with him *George T. Weingartner,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 6, 1913:

The appellant correctly states the question involved: "Does the term of office of an assessor in a city of the third class, chosen at the February election in 1910, end on the first Monday of December, 1911, under the schedule for the amendments to the Constitution adopted in 1909 so as to create a vacancy in the office to be filled at the municipal election in November, 1911, or does his term run to the first Monday of December, 1913?"

The relator was elected property assessor in the City of New Castle on the third Tuesday of February, 1910, and claims that his term does not expire until 1913. The respondent was elected to the same office at the municipal election in November, 1911.

The schedule to the constitutional amendments of 1909, P. L. 954, provides, inter alia, "In the case of officers elected by the people, all terms of office fixed by Acts of Assembly at an odd number of years shall each be lengthened one year," and, "In the year one thousand nine hundred and ten the municipal election shall be held on the third Tuesday of February, as heretofore; but all officers chosen at that election to an office the regular term of which is two years, and also all election officers and assessors chosen at that election, shall serve until the first Monday of December in the year one thousand nine hundred and eleven. All officers chosen at that election to offices the term of which is now four years, or is made four years by the operation of these amendments or this schedule, shall serve until the first Monday of December in the year one thousand nine hundred and thirteen."

The relator contends that the word "assessors" contained in the schedule must be limited and construed to mean "election or assistant assessors"; further, that his term was "fixed by Act of Assembly at an odd number of years," that it was "lengthened one year" by the

schedule, that he was an officer "chosen at the February election in 1910 to an office the term of which was made four years by the operation of the amendments of this schedule," and that he is therefore entitled to "serve until the first Monday of December, 1913"; while the respondent contends that the word "assessors" included not only "election or assistant assessors" but also "city or property assessors," and that the term of the relator was thereby limited to expire on the first Monday of December, 1911.

In disposing of these contentions the learned court below states: "We are of opinion the people meant just what they plainly said regarding assessors elected in February, 1910, that 'assessors chosen at that election shall serve until the first Monday of December in the year 1911.' They did not attempt to limit the word so as to mean a particular kind of assessor, but said all assessors elected in February, 1910, shall serve until the first Monday of December, 1911. And in the language of Etter v. McAfee, 229 Pa. 315, we may say, 'It is not for the courts to say that the people did not mean what is so plainly said in the amendment to the Constitution, which by their votes was adopted in 1909.' In order to sustain the claims of the relator it is necessary to read into the schedule for the amendments to the Constitution some limiting or qualifying word so as to make the word assessor mean some particular kind of assessor, and this we decline to do. We are of opinion that the relator's term of office expired on the first Monday of December, 1911, and the respondent rightfully holds the office of city assessor."

The conclusion reached by the court below is in accord with the trend of our decisions. No other parts of the constitutional amendments or the schedule thereto throw any light upon the use of the word "assessors" in the part of the schedule under consideration which would justify a court in qualifying it by the word "election" and thus limit its meaning. "In construing

......the Constitution we are not at liberty......to supply words omitted, in order to work out a thought which the people themselves had the opportunity to give expression to had they so desired": Commonwealth v. McAfee, 232 Pa. 36, 49. While it is true that the schedule provides that all officers chosen to offices at the February election of 1910 the term of which "is made four years by the operation of this amendment or this schedule," shall serve until 1913, yet this provision follows immediately after the prior one especially concerning "assessors." Under these circumstances both reason and the applicable rules of construction dictate that the specific provisions as to assessors must control such offices, and the general provision shall apply to other offices not otherwise specifically provided for.

We are not convinced that error was committed by the learned court below in determining this case; the assignment is overruled and the judgment is affirmed at the cost of the appellant.